52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michelle DENNIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3997.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1995.
 
 1
 Before: NELSON and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Michelle Dennis appeals a district court judgment affirming the Secretary's denial of Dennis's application for social security disability benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Dennis filed an application for supplemental security income benefits alleging that she suffered from pain, muscle spasms, and headaches. Following a hearing, the Administrative Law Judge (ALJ) determined that Dennis was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Dennis then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report and over Dennis's objections, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Dennis contends that the ALJ ignored SSR 83-10 in favor of the vocational expert's testimony. Dennis argues that SSR 83-10 states that sedentary work involves bending. As Dennis is unable to engage in any bending, she is unable to perform sedentary work. However, SSR 83-10 does not state that sedentary work involves bending. Furthermore, the vocational expert's testimony is founded upon the physical restrictions placed on Dennis by her treating physician, Dr. Abraham Osinbowale. Based on Dr. Osinbowale's physical restrictions, the vocational expert testified that there was a significant number of jobs in the economy which Dennis could perform. Thus, the vocational expert's testimony provides substantial evidence that Dennis is not disabled. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987).
 
 
 7
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation